## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| FREDERICK COLEMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION NO. |
| VS. | ) | |
| | ) | |
| UNION PACIFIC RAILROAD | ) | |
| COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

AND NOW, comes the plaintiff, Frederick Coleman, by and through his attorney, Gregory G. Paul, and files the following Complaint under the Family and Medical Leave Act.

### Parties

1.    The plaintiff, Frederick Coleman, is an adult individual, residing in Fort Worth, Texas.

2.    The Defendant, Union Pacific Railroad Company, hereinafter referred to as ("UP"), is an international transportation company offering a variety of rail, container-shipping, intermodal, trucking and contract logistics services with its regional headquarters located at 24125 Aldine Westfield Road, Spring, Texas  77373.

### Jurisdiction and Venue

3.    This is an action under the Family and Medical Leave Act of 1993, 29 U.S.C. section 2601 et seq.

4.    Venue is properly laid in this district pursuant to 28 U.S.C. §1391(b) because defendant's regional headquarters is in Spring, Texas within this judicial district.

5.    Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331 and 1343.

6.     The Defendant is a covered employer within the meaning of the FMLA because, among other things, they employ the requisite number of employees during the relevant time period.

7.     Mr. Coleman was entitled to the benefits and protections of the FMLA for his serious medical condition because he worked at least 1,250 hours and was employed for over one year.

8.     Defendant's termination of his employment, on or about March 19, 2021, due to alleged dishonest use of FMLA from November 16, 2020 through February 16, 2021.

9.     However, Mr. Coleman's absences from work were because of his serious health condition and defendant's charge and subsequent termination constitutes a denial and interference of FMLA benefits.

### Statement of Facts

10.     After 18 years of work on the railroad, Mr. Coleman was pulled out of service from Union Pacific Railroad as an engineer on February 19, 2021 hours after being charged with misuse of FMLA on or about February 16, 2021.

11.     Mr. Coleman's absences were related to a serious health condition, previously approved by Union Pacific as qualifying for coverage under the FMLA for the period of time from August 26, 2020 through August 26, 2021.

12.     On or about November 20, 2020, December 12, 2020, December 16, 2020 and February 16, 2021, Mr. Coleman marked off for FMLA due to his serious health condition and consistent with the medical certification form.

13.     At some point in time, Union Pacific's FMLA administrator was "alerted" that Mr. Coleman had a food truck business.

14.     On February 16, 2021, Union Pacific became aware of a barbecue business owned by Mr. Coleman but operated by his employees.  In a social media platform from the business, a post stated "Not working today we have a big event tomorrow".

15.     Rather than request recertification of his medical certification form consistent with the FMLA regulations, Union Pacific charged Mr. Coleman and held an investigation on March 9, 2021.

16.     J.M. Keenan testified that she "deduced and concluded" that the employee was at his food truck business on those dates where he was using FMLA relying upon face book posts rather than actual evidence of Mr. Coleman cooking or selling barbecue.

17.     In this investigation, Mr. Coleman testified that he has several employees who work for the business and also "Words Out Marketing" who operates face book for marketing purposes and controls the posts.

18.     With respect to the February 16, 2021 post, Mr. Coleman testified at the hearing that "not working today" referred to the business not taking orders for food that day because of a big event.

19.     On March 19, 2021, Mr. Coleman was notified of the termination of his employment with Union Pacific Railroad.

20.     As a result of the above, Mr. Coleman has suffered lost wages, healthcare, pension, and seeks all available monetary and equitable damages recoverable under the FMLA.

21.     Defendant's conduct in failing to provide notice of recertification violated his FMLA rights and terminating Mr. Coleman's employment is a violation of the Family and Medical Leave Act.

**Count I:**
**FMLA:  Denial of Benefits/Interference/Retaliation**

22.     Mr. Coleman incorporates by reference all of the above allegations set forth in this Complaint.

23.     Mr. Coleman is an eligible employee under the Family and Medical Leave Act with serious medical conditions as defined by the FMLA and implementing regulations. A serious health condition is defined as an illness, injury, impairment, or physical or mental condition that involves a period of incapacity requiring absence of more than three calendar days from work, school or other regular daily activities that also involves continuing treatment by a healthcare provide or any period of incapacity due to a chronic health conditions. Under the FMLA, it is "unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided under this subchapter." 29 U.S.C. § 2615(a)(1).

24.     In this case, defendant improperly interfered with his right to take intermittent medical leave. An interference action is not about discrimination, it is only about whether the employer provided the employee with the entitlements guaranteed by the FMLA. 29 U.S.C. §§ 2612(a), 2614(a)). To establish an interference claim, "an employee need only demonstrate by a preponderance of the evidence that he was entitled to the benefit denied.  The FMLA defines serious health condition including incapacity for more than three calendar days and continuing treatment and for chronic health conditions. Absences due to a chronic health condition so long as they are medically necessary, qualify for FMLA leave even if the employee does not receive treatment during the absence. 29 C.F.R. §§ 825.117, 825.114(e). Moreover, there are no durational requirements; an absence due to a chronic health need not last more than three days and may in fact be less than an hour. 29 C.F.R. §§ 825.114(e), 825.203(c), (d).

25.     Defendant was aware of Mr. Coleman' serious health condition before and after his need for medical leave.

26.     Defendant violated Mr. Coleman's rights under the FMLA and willfully interfered with, restrained and denied his exercise of rights by denying benefits as provided by the FMLA and regulations.

27.     Plaintiff also brings a claim for retaliation under 29 U.S.C. § 2615(a)(2). Mr. Coleman engaged in the protected activity of requesting FMLA leave and was terminated. A causal connection exists based upon the falsity of defendant's explanation for the alleged misuse of FMLA without any evidence of the same including surveillance.

28.     As a result of this conduct, Defendant has caused Mr. Coleman the loss of wages and other job benefits and out-of-pocket expenses.

## **PRAYER FOR RELIEF**

WHEREFORE, Mr. Coleman demands: (1) judgment against Defendant in an amount to make him whole for all damages suffered by him as a result of Defendant's violation of the Family and Medical Leave Act, including, but not limited to, damages for back pay and benefits, front pay, liquidated damages, offset for tax consequences and all other damages recoverable under the above laws plus prejudgment and other interest; (2) that this Court enjoin Defendant from further violating the above laws; (3) that this Court order Defendant to reinstate Mr. Coleman to the position he held when Defendant unlawfully discharged him with all seniority and benefits he would have otherwise accrued had Defendant not violated the above laws; (4) that this Court award expert witness fees, attorneys' fees and the cost of bringing this action; and (5) that this Court grant this and all other relief that he is entitled to under law and equity.

**A JURY TRIAL IS DEMANDED.**

Respectfully submitted,

PAUL LAW OFFICES

/s/ Gregory G. Paul
GREGORY G. PAUL
TX ID Number:  24054974
100 First Avenue, Suite 1010
Pittsburgh, PA 15222
(412) 259-8375 (telephone)
(888) 822-9421 (facsimile)
gregpaul@paullaw.com

Dated:  June 22, 2021